IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EDWIN MICHAEL VICKERY,     :

                                   :     CIVIL ACTION FILE NO.

    Plaintiff,            :

                                     :

v.                                :

                                   :

CITY OF ROSWELL, GA,     :

                                   :     JURY TRIAL DEMANDED

    Defendant.           :

## **COMPLAINT**

Plaintiff Edwin Michael Vickery ("Vickery" or "Plaintiff"), brings this Complaint against Defendant City of Roswell, GA ("Roswell" or "Defendant") and shows this Court as follows:

## **INTRODUCTION**

### 1.

Defendant Roswell employed Plaintiff Vickery as a Battalion Chief in its Fire Department from September 10, 2007 through April 13, 2022. At all times relevant from July 28, 2019 through April 13, 2022 ("the Relevant Time Period") Roswell misclassified Vickery as exempt from the FLSA's Maximum Hours provisions,

thereby depriving him of overtime compensation for overtime worked. Plaintiff also asserts claims for breach of contract stemming from Defendant's failure to pay him, upon his retirement, for all accrued Paid Time Off ("PTO") pursuant to Defendant's PTO Policy and all accrued Holiday pay, and for attorneys' fees and costs of litigation pursuant to O.C.G.A. § 13-6-11 for Defendant's bad faith refusal to comply with its own PTO policy.

## JURISDICTION AND VENUE

2.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 with respect to Plaintiff's claim under the FLSA. This Court has supplemental jurisdiction over Plaintiff's claims which arise under the laws of the State of Georgia pursuant to 28 U.S.C. § 1367(a), as these claims are so related to the claims upon which the Court's original jurisdiction is invoked that they form part of the same case or controversy under the U.S. Constitution.

3.

Venue is appropriate in this Court as Defendant City of Roswell, Georgia is located within the Northern District of Georgia, has its principal place of business

within the Northern District of Georgia and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## PARTIES

4.

Plaintiff Edwin Michael Vickery is a natural person and citizen and resident of the State of Georgia and is entitled to bring actions of this kind and nature.

5.

Defendant City of Roswell, Georgia is a municipality existing under the laws of the State of Georgia. Defendant City of Roswell may be served with process by serving its Mayor, Kurt Wilson, at 38 Hill Street, Suite 215, Roswell, Georgia 30075.

## STATEMENT OF THE FACTS

6.

Plaintiff was employed by the City of Roswell Fire Department from on or about September 10, 2007 through April 13, 2022.

7.

During his 14+ year career, Plaintiff held the positions, at various times, of Fire Captain and Battalion Chief.

3

8.

From on or about September 20, 2010 until his retirement on or about April 13, 2022, Plaintiff was employed by Defendant as a Battalion Chief in the Fire Department.

9.

The City of Roswell Fire Department employs approximately 225 sworn firefighters of various ranks and operates 7 (seven) fire stations.

10.

The City of Roswell Fire Department employs three (3) Battalion Chiefs, with one (1) Battalion Chief on duty at any given time.

11.

As a Battalion Chief, Plaintiff was stationed at and was assigned to a fire station.

12.

As a Battalion Chief, Plaintiff worked a shift of twenty-four (24) hours, followed by forty-eight (48) hours of being off-duty, which is the same work schedule as all other firefighters.

4

13.

Throughout the Relevant Time Period, Roswell compensated Vickery and all sworn firefighters on the basis of a twenty-eight (28) day work period.

14.

As a Battalion Chief, Plaintiff regularly was scheduled to work, and did in fact work in excess of 212 hours in any given twenty-eight (28) day work period.

15.

As a Battalion Chief, Plaintiff was not paid any overtime pay for hours worked in excess of 212 hours in any given twenty-eight (28) day work period.

16.

As a Battalion Chief, Plaintiff was trained in fire suppression, had the legal authority and responsibility to engage in fire suppression, was employed by a fire department of a city and was engaged in the prevention, control, and extinguishment of fires or response to emergency situations where life, property, or the environment is at risk.

17.

As a Battalion Chief, Plaintiff's primary duty was to fight fires, rescue fire and accident victims and minimize property damage from accidents and fires.

18.

Defendant has adopted the Roswell Fire Department Policy and Procedure Manual which set forth, among other things, the types of calls that Plaintiff, as a Battalion Chief, would be required to respond.

19.

Section 202 of the Roswell Fire Department Policy and Procedure Manual is entitled "Apparatus Response" and requires Plaintiff, as a Battalion Chief, to respond to the following types of emergency calls: all structural fires, all smoke calls where smoke is visible inside a structure, all inside gas leaks calls, all hazardous materials calls, all bomb threat calls and all water and rope rescue calls.

20.

In addition to the calls described in the above-paragraph, Plaintiff, as a Battalion Chief, would respond to any call in which more than one engine was sent and to all mass casualty and gunshot wound calls.

21.

While Plaintiff would direct the work of other firefighters and rescue personnel at the scene of the calls on which he responded, Plaintiff also performed the work of fire extinguishment and rescue of accident victims.

6

22.

Defendant is an employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and is a "public agency" within the meaning of 29 U.S.C. § 203(x).

23.

Plaintiff was engaged in commerce, *i.e.* working as a Battalion Chief for a City and is expressly covered under the overtime provisions of the FLSA pursuant to 29 U.S.C. §§ 203(y), 207(k) and 29 C.F.R. § 541.3(b)(1). Plaintiff is thus subject to individual coverage of the FLSA pursuant to 29 U.S.C. § 207(a)(1).

24.

Defendant is and was "an enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(C).

25.

Defendant classified Plaintiff and the other Battalion Chiefs as wholly exempt from the FLSA's overtime requirements and has not paid Plaintiff for hours worked in excess of 212 hours in any given twenty-eight (28) day work period since he became a Battalion Chief.

26.

At all times material hereto, Vickery has been an employee engaged in fire protection activities and as such is entitled to overtime compensation for all hours worked in excess of 212 hours in any given twenty-eight (28) day work period.

27.

As a Battalion Chief, Plaintiff was expressly defined as ineligible for exempt employee status pursuant to 29 C.F.R. § 541.3(b), known as the "First Responder Regulation".

28.

Plaintiff regularly worked more than 212 hours in a twenty-eight (28) day work period.

29.

Plaintiff also regularly performed work while not on shift and for which Defendant did not maintain accurate time records. Such work included but was not limited to attending a monthly Battalion Chiefs' meeting which lasted approximately three (3) hours on average.

30.

Other regular work performed by Plaintiff on days he was not scheduled to work and for which Defendant did not maintain accurate time records included attending meetings, answering phone calls, receiving and sending text messages, reading emails, serving on "on-call" capacity, completing evaluations and reports, responding to emergencies, scheduling and other tasks.

31.

As a Battalion Chief, Plaintiff was paid on a salary basis as defined by 29 C.F.R. § 541.602.

32.

Defendant has failed to meet the requirements of any exemption from the overtime pay requirements of the FLSA for Plaintiff during the last three years of his employment.

33.

As a Battalion Chief, Plaintiff was required to be compensated at a rate of one- and one-half times his regular hourly rate for each hour worked in excess of 212 in any given 28-day work period.

34.

Had Defendant not classified Plaintiff as exempt from the overtime pay requirements of the FLSA, Plaintiff would have been paid overtime pay which would be reflected on Plaintiff's W-2 forms for 2019, 2020, 2021 and 2022.

35.

The amount of pension Plaintiff is to receive is based in part on the highest 36 month's pay over a seven (7) year period.

36.

Defendant has enacted a compensatory time plan under which Roswell would compensate non-exempt firefighters with compensatory time in lieu of overtime pay for the first eighty (80) hours of overtime worked each year and pay overtime for all overtime hours exceeding eighty (80) accrued overtime hours.

37.

Upon Plaintiff's separation of employment, Defendant failed to pay Plaintiff for the compensatory time he should have accrued as a non-exempt employee and failed to pay him overtime pay for all overtime hours worked in excess of eighty (80).

38.

As a result of Defendant's failure to pay Plaintiff overtime compensation as required by the FLSA, Plaintiff's income, for pension plan benefits purposes, was understated in the years 2019, 2020, 2021 and 2022 and will result in a diminished and reduced pension amount for Plaintiff for the rest of life (and/or the rest of the life of his spouse, whichever occurs later) in an amount to be proven at trial.

39.

Defendant knew or should have known that the FLSA applied to Plaintiff and that no exemption from the overtime pay requirements of the FLSA existed.

40.

Upon information and belief, in failing or refusing to pay Plaintiff overtime wages as required by the FLSA, Defendant has not relied on any letter ruling from the Department of Labor indicating that Plaintiff, as a Battalion Chief, was subject to any exemption from the overtime pay provisions of the FLSA.

41.

Upon information and belief, in failing or refusing to pay Plaintiff overtime wages as required by the FLSA, Defendant has not relied on any legal advice

indicating that Plaintiff, as a Battalion Chief, was subject to any exemption from the overtime pay provisions of the FLSA.

42.

Defendant's conduct constitutes willful violations of §§ 207 and 215 of the FLSA, entitling Plaintiff to all relief afforded under the FLSA, including a three (3) year statute of limitations and the award of liquidated damages and reasonable costs of litigation and attorneys' fees pursuant to 29 U.S.C. § 216(b).

## CLAIMS FOR RELIEF

## COUNT ONE

## VIOLATION OF 29 U.S.C. §§ 207 AND 215

### (Overtime Violations)

43.

Paragraphs 1 through 42 are incorporated herein by this reference.

44.

Defendant's failure to compensate Plaintiff for time worked in excess of 212 hours in any given 28-day work period on the basis of one and one half times the regular hourly rate of pay from three years preceding the filing of this action through

his separation from employment is a violation of §§ 207 and 215 of the Fair Labor Standards Act of 1938, as amended.

45.

Defendant's violation of the FLSA was intentional and willful. Said violation gives rise to a claim for relief under the FLSA for Plaintiff for unpaid overtime compensation from three years preceding the filing of this action through his separation from employment, liquidated damages in an amount equal to the unpaid compensation, and reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. §§ 215 and 216(b).

## **COUNT TWO BREACH OF CONTRACT**

46.

Paragraphs 1 through 42 are incorporated herein by this reference.

47.

During the Plaintiff's employment with Defendant, Defendant had a PTO policy under which both exempt and non-exempt firefighters would accrue Paid time Off ("PTO") each pay period.

48.

Pursuant to the PTO policy, employees are to be paid out all their accrued PTO upon separation from employment.

49.

Plaintiff accrued PTO under the PTO Policy.

50.

The PTO Policy was drafted by Defendant.

51.

Plaintiff played no role whatsoever in drafting the PTO Policy and had no input into the content or wording of the PTO Policy.

52.

Defendant has refused to pay Plaintiff for all the PTO he accrued upon his separation from employment and has only paid him a portion of his accrued PTO.

53.

Defendant had a policy of compensating employees for holidays regardless of whether the employee worked the holiday.

54.

Fire Chief Pennino unilaterally eliminated Holiday pay for Battalion Chiefs on or about January 13, 2022 including eliminating all accrued Holiday pay/leave time. Accrual of this type of leave had been awarded since on or about September 10, 2010.

55.

Plaintiff was earning approximately $47.22 per hour at the time of his separation from employment.

56.

Plaintiff is owed payment for all accrued PTO and accrued Holiday pay at the rate of $47.22 per hour.

57.

The PTO and Holiday pay Policies are additional compensation plans which are contractually binding upon Defendant.

58.

Plaintiff was aware of the PTO and Holiday pay Policies during his employment and relied upon it in deciding whether to use his accrued PTO or save it so that he would be paid out his accrued PTO and Holiday leave upon retirement.

59.

In reliance upon the express written terms of the Compensatory Time Policy, Plaintiff saved his accrued PTO and Holiday leave rather than use it, in an effort to maximize his payout upon his retirement.

60.

Plaintiff would have used and would not have saved his accrued PTO and Holiday leave had he known Defendant would refuse to pay him for these hours.

61.

Plaintiff has substantially complied with all obligations imposed upon him by his employment contract with Defendant by working sufficient hours to accrue PTO and Holiday leave as of the date of his separation from employment.

62.

Defendant has breached its contract with Plaintiff by failing to pay him all of his accrued PTO hours and accrued Holiday leave upon his separation from employment.

63.

Defendant's breach of contract was in bad faith, as the clear and unambiguous language of the PTO Policy mandates that Plaintiff be paid for all accrued hours and the accrued Holiday leave should not have been eliminated for Battalion Chiefs.

64.

As a result of Defendant's breach of contract, Plaintiff has suffered lost income in an amount to be proven at trial, plus interest.

## COUNT THREE

## ATTORNEYS' FEES AND COSTS OF LITIGATION PURSUANT TO O.C.G.A. § 13-6-11

65.

Paragraphs 1 through 42 and 47 through 64 are incorporated herein by this reference.

66.

As Defendant has refused to honor its contractual obligations to Plaintiff to pay him for all of his accrued PTO and Holiday pay, despite Plaintiff's demands for it to do so, Defendant has been stubbornly litigious and has caused Plaintiff

unnecessary trouble and expense in connection with this matter, entitling Plaintiff to be awarded his reasonable attorney's fees and costs and expenses of litigation.

**WHEREFORE**, Plaintiff respectfully demands that this Court:

a) Take jurisdiction of this matter;

b) Issue an Order holding Defendant to be an "employer" as that term is defined under the FLSA;

c) Grant a trial by jury as to all matters properly triable to a jury;

d) Issue a judgment declaring that Plaintiff was covered by the provisions of the FLSA and not subject to any exemptions from the overtime pay provisions of the FLSA;

e) Issue a judgment that Defendant has failed to comply with the requirements of the FLSA;

f) Award Plaintiff payment for each overtime hour worked from three years preceding the filing of this action through his retirement date, calculated at one and one-half times the regular hourly rate, plus liquidated damages equaling 100% of overtime pay due Plaintiff, as required by the FLSA;

g) Issue an     Order requiring     Defendant to     make the     necessary

contribution to Plaintiff's pension plan so that Plaintiff will receive the monthly pension payments in the amount he would have received had Defendant properly paid him overtime as a Battalion Chief in 2019, 2020, 2021 and 2022;

h) Award Plaintiff prejudgment interest on all amounts owed (on all claims);

i) Award Plaintiff nominal damages (on all claims);

j) Award Plaintiff his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b);

k) Issue a judgment declaring that Defendant has breached its contract with Plaintiff by refusing to pay him accrued Compensatory Time pay, PTO and Holiday leave;

l) Award Plaintiff pay for all unpaid but accrued Compensatory Time, PTO and accrued Holiday leave;

m) Issue an Order requiring Defendant to     make the     necessary contribution to Plaintiff's pension plan so that Plaintiff will receive the monthly pension payments in the amount he would have received had Defendant properly paid him the accrued overtime/Compensatory Time in a timely manner;

19

n) Issue a judgment declaring Defendant's breach of contract was made in bad faith;

o) Issue a judgment declaring that Defendant has been stubbornly litigious and award Plaintiff his reasonable attorneys' fees and costs pursuant to O.C.G.A. § 13-6-11; and

p) Award any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted, this 28th day of July, 2022.

/s Kevin D. Fitzpatrick
KEVIN D. FITZPATRICK
Georgia Bar No. 262375
kevin.fitzpatrick@dcbflegal.com


/s Mitchell D. Benjamin
MITCHELL D. BENJAMIN
Georgia Bar No. 049888
benjamin@dcbflegal.com

**DeLONG, CALDWELL, BRIDGERS,
FITZPATRICK & BENJAMIN LLC**
101 Marietta Street, NW, Suite 2650
Atlanta, Georgia 30303
(404) 979-3150     Telephone
(770) 859-0754     Facsimile          ATTORNEYS FOR PLAINTIFF